NOT DESIGNATED FOR PUBLICATION

No. 114,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER HILLMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jewell District Court; KIM W. CUDNEY, judge. Opinion filed July 15, 2016.
Affirmed.

*Wade M. Carter*, of Allen, Sweet & Carter, LLC, of Minneapolis, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Christopher Hillman appeals the district court's revocation of his probation and the imposition of his underlying sentence. He argues he was entitled to an intermediate sanction before his sentence could be imposed. We disagree and affirm.

Hillman pled no contest to indecent liberties with a child, a severity level 5 offense. Based on Hillman's criminal history of G, the conviction resulted in presumptive imprisonment. Hillman filed a motion for dispositional departure. The district court granted Hillman's motion and sentenced him to 36 months' probation with community corrections and an underlying sentence of 41 months' imprisonment.

1

One year after sentencing, the State moved to revoke Hillman's probation. The State alleged numerous violations of probation:  attending the county fair after Hillman's probation officer told him he could not attend; failing to remove himself from incidental contact with minors, including unsupervised contact with minors on at least two occasions; and viewing pornography.

Hillman's probation officer, Erin Garman, testified at the probation revocation hearing that Hillman had served a 2-day jail sanction for missing an appointment in October 2014. She testified Hillman had asked for permission to go the county fair but she told him he could not attend because there would be too many children in attendance. Garman testified she attended the fair with her family and saw Hillman at the fair. Garman also testified regarding "several" incidents of Hillman's contact with minors— including unsupervised contact with minors on two occasions—without her prior approval. She testified Hillman admitted to viewing pornography because he was bored.

Garman testified she did not believe Hillman took probation seriously, he did not believe he was a sex offender, and he did not believe the conditions of probation should pertain to him. She recommended Hillman serve his underlying prison sentence. On cross-examination, Garman testified Hillman's actions violated the terms of his probation but were not otherwise illegal. She also testified he was attending sex offender treatment.

The State asked the district court to revoke Hillman's probation and order him to serve the balance of his sentence. Hillman argued his violations were not material and he should be placed back on probation or serve a 120- or 180-day sanction. The court found Hillman had violated his probation. After discussing the violations, the judge told him:

> "You were presumptive prison and I know that this Court told you one, probation
> is a privilege. Two, a departure from presumed prison meant that you had to follow each

and every condition of probation; not the ones that you pick and choose or that you agree with.

. . . .

"You were presumptive prison and you decided to violate the conditions of your probation. The recommendations of the State are adopted. Your probation is revoked for all violations that you have committed. You will serve your underlying sentence, 41 months with the Department of Corrections.

"You are given credit for time served. The safety of the public, this Court finds, is in jeopardy. You're a sex offender and you can't seem to follow the rules. And you don't believe you're a sex offender or that the rules apply to you, the most dangerous of criminals."

Hillman timely appealed.

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227-28.

Hillman does not argue that he did not violate a condition of his probation and that Garman testified regarding several violations. Accordingly, we review only whether the district court abused its discretion when it revoked Hillman's probation.

A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

3

Hillman argues the district court erred when it revoked his probation for "technical violations." Citing *State v. Brown*, 51 Kan. App. 2d 876, 357 P.3d 296 (2015), *rev. denied* 304 Kan. ____ (March 28, 2016), Hillman argues "felony probationers who commit technical violations are entitled to an intermediate sanction such as a dip in jail and a dunk in prison before their probation is revoked."

Hillman's argument misstates the holding in *Brown*. The *Brown* court held that K.S.A. 2015 Supp. 22-3716(b) and (c) required, "*with certain exceptions*, that the district court impose intermediate sanctions before ordering the defendant to serve the underlying sentence." (Emphasis added.) 51 Kan. App. 2d at 880. The *Brown* court noted that substantive violations of probation were an exception to the requirement for intermediate sanctions. 51 Kan. App. 2d at 880. In dicta, the *Brown* court also noted:

> "[J]ust because a probation violation is labeled as only a 'technical' one does not mean it is unimportant. *Some can be quite significant—such as when a person convicted for indecent liberties with a minor violates a probation requirement not to be alone with minors*." (Emphasis added.) 51 Kan. App. 2d at 880.

Hillman pled no contest to indecent liberties with a child and, contrary to Garman's directions, continued to have unauthorized contact with minors. Hillman did not believe he was a sex offender and did not believe the conditions of probation should pertain to him. The district court's decision to revoke Hillman's probation was not arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion when it revoked Hillman's probation.

Hillman also argues the district court erred when it imposed his underlying sentence without first imposing either a 120- or 180-day sanction pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C) or (D).

4

The district court did not err when it imposed Hillman's underlying sentence instead of giving him an intermediate sanction. K.S.A. 22-3716(c)(9) states:

> "The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

The district court set forth with particularity its reasons for finding the safety of the public was in jeopardy. It stated: "The safety of the public, this Court finds, is in jeopardy. You're a sex offender and you can't seem to follow the rules. And you don't believe you're a sex offender or that the rules apply to you, the most dangerous of criminals." Despite Hillman's argument to the contrary, there was substantial evidence supporting the district court's finding. The district court did not err when it imposed Hillman's underlying prison sentence instead of giving him an intermediate sanction.

Affirmed.